IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Civ. No. 1:16-cv-1336-RDM |
| FOOD AND DRUG ADMINISTRATION, *et al.*, | ) ) ) |
| Defendants, | ) ) |
| and | ) ) |
| APOTEX CORP., *et al.*, | ) ) ) |
| Intervenors-Defendants. | ) ) |

**PLAINTIFFS' SUBMISSION OF [PROPOSED] PROTECTIVE ORDER**

Pursuant to Plaintiffs' position in the Joint Status Report submitted July 8, 2016 (D.I. 49), Plaintiffs attach the following Proposed Protective Order to govern the submission of any labeling produced in the above-captioned action.

–2–

July 8, 2016

                      Respectfully submitted,

                      */s/ Christopher N. Sipes*
                      Timothy C. Hester (D.C. Bar No. 370707)
                      Michael S. Labson (D.C. Bar No. 447867)
                      Christopher N. Sipes (D.C. Bar No. 439294)
                      COVINGTON & BURLING LLP
                      850 Tenth Street NW
                      Washington, DC 20001
                      (202) 662-6000 (Telephone)
                      (202) 662-6291 (Fax)
                      thester@cov.com
                      mlabson@cov.com
                      csipes@cov.com

                      John M. Engel (D.C. Bar No. 443628)
                      ENGELNOVITT, PLLC
                      Suite 310
                      2401 Pennsylvania Ave. NW
                      Washington, DC 20037
                      (202) 207-3303 (tel)
                      (202) 207-3318 (fax)
                      jengel@engelnovitt.com

                      *Attorneys for Plaintiffs*
                      *AstraZeneca Pharmaceuticals LP and*
                      *iPR Pharmaceuticals, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   Civ. No. 1:16-cv-1336-RDM<br>) |
| FOOD AND DRUG ADMINISTRATION, *et al.*, | )<br>) |
| Defendants, | )<br>) |
| and | )<br>) |
| APOTEX CORP., *et al.*, | )<br>) |
| Intervenors-Defendants. | )<br>) |

**[PROPOSED] PROTECTIVE ORDER**
**GOVERNING USE OF AND ACCESS TO INTERVENORS' LABELING**

Pursuant to Fed. R. Civ. P. 26(c), this Protective Order is entered to govern use of and access to any labeling produced in this action, including in connection with Plaintiffs' application for a temporary restraining order.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Any labeling for any generic version of AstraZeneca's Crestor product that is produced and is considered by the producing party to be confidential may be produced with the stamp "LABEL - HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" added to each page of the document.

2. All material that is stamped "LABEL - HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" shall be disclosed only to the following persons:

    (a) The Court, including court personnel;

(b) Attorneys at the law firms of record in this Action, and the respective employees and personnel retained by such law firms of record in this action to whom it is necessary to disclose such matter in furtherance of the prosecution or defense of this Action, such as litigation assistants, paralegals and, secretarial and other clerical personnel;

(c) Vendors retained to assist in this action by an attorney described in subparagraph (c) of this Paragraph including, but not limited to, copying and reproduction services, provided they agree to adhere to the terms of this Order and that they do not retain any material stamped "LABEL - HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY";

(d) Experts or consultants (whether testifying or non-testifying) retained by a party or counsel for purposes related to this action, provided they agree to adhere to the terms of this Order and that they do not retain any material stamped "LABEL - HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" after the conclusion of this action;

(e) Any witness at a hearing or other proceeding to whom disclosure is deemed reasonably necessary by counsel for the prosecution or defense of this action; and

(f) any other person as to whom the producing party agrees in writing prior to disclosure.

3. Employees (including in-house counsel) of Plaintiffs or the Intervenor-Defendants are not permitted to view material that has been stamped "LABEL - HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY."

–3–

4.       If any material stamped "LABEL - HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" is filed with the Court, that material (and all other papers that reference that material) shall be filed under seal.

5.       The provisions of this Order may be modified at any time by stipulation of the parties to this Action or by the Court upon its own motion or the motion of any party.

6.       The provisions of this Order shall take effect immediately.

Entered this ___ day of July, 2016

_____
Hon. Randolph D. Moss
United States District Judge