## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 16-cv-01336-RDM |
| | ) |
| SYLVIA MATHEWS BURWELL, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## INTERVENOR-DEFENDANTS' COMMENTS REGARDING
## PLAINTIFFS' PROPOSED PROTECTIVE ORDER

Intervenor-Defendants[1] write in response to the Court's Memorandum and Order, dated July 11, 2016, ordering that "[t]o the extent that FDA or the intervenors have any comments on the proposed protective order submitted by AstraZeneca, *see* Dkt. 50, they shall file their comments with the Court by 2 p.m. on July 11, 2016." Dkt. 52, p. 10. Intervenor-Defendants comment as follows:

1.     Intervenor-Defendants propose that the Court remove Paragraph 2(e) of Dkt. 50, which permits disclosure of confidential information to "[a]ny witness at a hearing or other proceeding to whom disclosure is deemed reasonably necessary by counsel for the prosecution or defense of this action." As drafted, this provision leaves it to the discretion of the parties' counsel to disclose any document "deemed reasonably necessary" to a witness. This exception swallows the rule and does not adequately safeguard Intervenor-Defendants' confidential information. Removal of this paragraph is particularly relevant here, where AstraZeneca has provided a declaration from Rod Wooten, its Vice President, Global Product Strategy. Should

---

[1] Intervenors are Apotex Corp. and Apotex Inc. ("Apotex"); Par Pharmaceutical, Inc. ("Par"); Glenmark Pharmaceuticals Inc., USA and Glenmark Pharmaceuticals Ltd. ("Glenmark"); Sandoz Inc. ("Sandoz"); and Sun Pharma Global FZE and Sun Pharmaceuticals Industries Inc. ("Sun").

AstraZeneca offer live testimony from Mr. Wooten, he would be given unfettered access to the highly confidential labeling from the Intervenor-Defendants, subject to the sole discretion of AstraZeneca's counsel.  Intervenor-Defendants suggest that if an evidentiary hearing that requires testimony from witnesses becomes necessary, the parties negotiate a procedure for disclosure of confidential documents to witnesses at such time pursuant to Paragraph 2(f) of the proposed Protective Order (Dkt. 50).

2.     In order to protect any and all confidential information in the administrative record as opposed to draft labeling specifically, Intervenor-Defendants suggest that the confidentiality markings be adjusted to read "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" rather than making them specific to labeling.  Further, if the Court enters a protective order with scope that extends beyond labeling, Intervenor-Defendants suggest the following definition for confidential information: "For purposes of this Protective Order, 'HIGHLY CONFIDENTIAL INFORMATION' includes any document, correspondence, or other material, and includes all documents, correspondence, and materials of the type FDA customarily maintains in confidence pursuant to any statute, regulation, or agency practice, including but not limited to 21 U.S.C. § 331(j), 18 U.S.C. § 1905, 21 C.F.R. § 314.430, 21 C.F.R. § 20.61(a), or 21 C.F.R. § 20.61(b).  Any such confidential information shall be marked as 'HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY.'"

3.     Intervenor-Defendants suggest adding a provision clarifying that confidential information be used solely for the action and be destroyed following termination of the action and suggest the following language: "Information designated as HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY shall be used solely for purposes of this Action and not for any other purposes, such as for patent applications, FDA submissions, or other litigation. A Party in

possession of any information that has been designated HIGHLY CONFIDENTIAL –

ATTORNEY'S EYES ONLY must destroy that information after termination of this Action,

including all appeals, and the Parties will confirm in writing that such destruction of HIGHLY

CONFIDENTIAL – ATTORNEY'S EYES ONLY information has occurred.  Notwithstanding

the foregoing, however, outside counsel of record for each Party shall be permitted to keep

copies of any briefs opinions, declarations, orders, the administrative record, and/or any other

filings containing information designated as HIGHLY CONFIDENTIAL – ATTORNEY'S

EYES ONLY even following termination of this Action, including any appeals."

Dated: July 11, 2016

/s/ *Lyle B. Vander Schaaf*
Lyle B. Vander Schaaf (D.C. Bar No. 422380)
BRINKS GILSON & LIONE
1775 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006
Tel:  (202) 296-8700
Fax:  (202) 296-8701
lvanderschaaf@brinksgilson.com

Of Counsel:
Mark H. Remus (*pro hac vice*)
Laura A. Lydigsen (*pro hac vice*)
Brinks, Gilson & Lione
455 N. Cityfront Plaza Drive, Suite 3600
Chicago, IL 60611
Tel: (312) 321-4200
Fax: (312) 321-34299
Email: mremus@brinksgilson.com
Email: llydigsen@brinksgilson.com

*Attorneys for Intervenor-Defendants, Glenmark
Pharmaceuticals Inc., USA and Glenmark
Pharmaceuticals Ltd.*

/s/ *Chad A. Landmon*
Chad A. Landmon (D.C. Bar No. 990347)
Aziz Burgy (D.C. Bar No. 483517)
AXINN, VELTROP & HARKRIDER LLP

950 F Street, N.W.
Washington, D.C. 20004
(202) 912-4700 (telephone)
(202) 912-4701 (facsimile)

David Silverstein (*pro hac vice*)
Suchira Ghosh (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
22nd Floor
New York, NY 10036
(212) 728-2200 (telephone)
(212) 728-2201 (facsimile)

*Attorneys for Par Pharmaceutical, Inc., Apotex Inc.
and Apotex Corp.*

/s/ *Douglas B. Farquhar*
Douglas B. Farquhar (D.C. Bar No. 386573)
John R. Fleder (D.C. Bar No. 176123)
Kurt R. Karst (D.C. Bar No. 482615)
HYMAN, PHELPS & MCNAMARA, P.C.
700 13th Street, N.W., Suite 1200
Washington, D.C. 20005
Phone:  (202) 737-5600
Fax:  (202) 737-9329
Email: dfarquhar@hpm.com

*Attorneys for Sandoz Inc.*

/s/ *Charles B. Klein*
Charles B. Klein (D.C. Bar No. 450984)
Steffen N. Johnson (D.C. Bar No. 500636)
Eimeric Reig-Plessis (*pro hac vice* pending)
WINSTON & STRAWN LLP
1700 K Street N.W.
Washington, D.C. 20006
Tel.: (202) 582-5000
Fax: (202) 582-5100

Samuel S. Park (*pro hac vice*)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Phone: (312) 558-5600
Fax: (312) 558-5700

4

*Attorneys for Sun Pharma Global FZE and Sun Pharmaceutical Industries Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of July, 2016, the foregoing INTERVENORS'

COMMENTS REGARDING ASTRAZENECA'S PROPOSED PROTECTIVE ORDER were

filed via the Court's CM/ECF system and served upon ECF-registered counsel for all parties to

this proceeding.


Dated: July 11, 2016                    /s/ Lyle B. Vander Schaaf____
                                        Lyle B. Vander Schaaf
                                        DC Bar No. 422380
                                        BRINKS GILSON & LIONE
                                        1775 Pennsylvania Avenue, NW, Suite 900
                                        Washington, DC 20006
                                        Tel: (202) 296-8700
                                        Fax: (202) 296-8701
                                        lvanderschaaf@brinksgilson.com

                                        *Attorneys for (Proposed) Intervenor-Defendants,*
                                        *Glenmark Pharmaceuticals Inc., USA and*
                                        *Glenmark Pharmaceuticals Ltd.*